

JUDGE CHANG

MAGISTRATE JUDGE HARJANI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **19CR 573** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| ROBERT S. WAKSMUNDZKI, | ) | Code, Section 371, and Title 26, |
| also known as "Flippy" | ) | United States Code, Section 7206(1) |

**COUNT ONE**

**FILED**

The UNITED STATES ATTORNEY charges:

JUL 16 2019

1. At times material to this Information:

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

   a. "BitTorrent" was a system for quickly distributing large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent enabled a user to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users. To use BitTorrent to download that movie, the user had to obtain a "torrent" file for that movie, which contained instructions for identifying the Internet addresses of other BitTorrent users who had the movie, and for downloading the movie from those users. Once a user downloaded all of the pieces of that movie from the other BitTorrent users, the movie was automatically reassembled into its original form, ready for playing.

   b. Website A, Website B, Website C, Website D, Website E (collectively, the "BitTorrent Sites") were some of the commercial websites that facilitated and promoted the reproduction and distribution of copyrighted content

over the Internet without the authorization of the copyright owners. The BitTorrent Sites created a publicly accessible network that relied on BitTorrent technology, enabling visitors to the BitTorrent Sites to copy and obtain copyrighted material directly from other users for free.

c. Torrentz.com, torrentz.eu, torrentz.ch, torrentz.cx, torrentz.hk, torrentz.in, torrentz.li, torrentz.me, torrentz.mx, and torrentz.ph, and torrentz-proxy.com (collectively, "Torrentz") operated as a search engine for the BitTorrent Sites. Visitors to Torrentz could search for and locate copyrighted materials. Visitors to Torrentz could then be redirected to the BitTorrent Sites, through which they could acquire copyrighted materials without the lawful copyright owners' permission.

d. Defendant Robert S. Waksmundzki and Individual A operated Torrentz.

e. Defendant Robert S. Waksmundzki was the owner, agent, and sole member of Waksmundzki, LLC.

2. Beginning on or about July 15, 2003, and continuing to on or about June 4, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT S. WAKSMUNDZKI,
also known as "Flippy,"

defendant herein, conspired with Individual A and others known and unknown, to willfully, and for purposes of commercial advantage and private financial gain, infringe a copyright by distribution of a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, when defendant knew and should have known that that work was

intended for commercial distribution, in violation of Title 17, United States Code, Section 506(a)(1)(C) and Title 18, United States Code, Section 2319(d)(2).

3. It was part of the conspiracy that defendant Robert S. Waksmundzki and Individual A designed, developed, and operated Torrentz in order to encourage, induce, facilitate, engage in, and generate millions of dollars from the unlawful reproduction and distribution of copyright-protected media, including movies (some of which were still playing in theaters), television shows, music, video games, computer software, and electronic books, without permission of the copyright holder.

### The Operation of Torrentz

4. It was further part of the conspiracy that defendant Robert S. Waksmundzki identified BitTorrent Sites that made copyrighted materials available to visitors.

5. It was further part of the conspiracy that defendant Robert S. Waksmundzki contacted and caused to be contacted the operators of the BitTorrent Sites, and requested that the operators add code to their websites to permit Torrentz to more efficiently retrieve information from the BitTorrent Sites. Torrentz then used this information to assist users in their search for copyrighted materials.

6. It was further part of the conspiracy that defendant Robert S. Waksmundzki created and caused to be created code that permitted Torrentz visitors to be re-routed to the BitTorrent Sites to assist the visitors' subsequent acquisition of copyrighted materials.

7. It was further part of the conspiracy that defendant Robert S. Waksmundzki contacted and caused to be contacted advertisers for the purpose of securing advertising agreements, and that Waksmundzki displayed and caused to be displayed advertisements on Torrentz, thereby generating revenue from the websites.

8. It was further part of the conspiracy that defendant Robert S. Waksmundzki opened Citibank checking account number xxxxx8052 in the name of Waksmundzki LLC and that he used the account to receive advertising revenue generated by Torrentz.

9. It was further part of the conspiracy that, between January 1, 2009 and March 31, 2015, defendant Robert S. Waksmundzki caused advertisers to deposit approximately $9.8 million into Citibank checking account number xxxxx8052.

10. It was further part of the conspiracy that defendant Robert S. Waksmundzki paid and caused to be paid Individual A as compensation for his participation in the operation of Torrentz.

11. It was further part of the conspiracy that defendant Robert S. Waksmundzki concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy.

Overt Acts

12. In furtherance of the conspiracy and to accomplish its unlawful objectives, defendant Robert S. Waksmundzki and others committed and caused to

be committed the following overt acts in the Northern District of Illinois and elsewhere:

    a.    On or about July 15, 2003, defendant Robert S. Waksmundzki rented and caused to be rented the website domain torrentz.com.

    b.    On or about April 7, 2006, defendant Robert S. Waksmundzki rented and caused to be rented the website domain torrentz.eu.

    c.    On or about January 8, 2014, defendant Robert S. Waksmundzki sent and caused to be sent to Individual A payment of approximately $24,726 as compensation for Individual A's assistance in the operation of Torrentz.

    d.    On or about November 13, 2014, defendant Robert S. Waksmundzki sent an email to a representative of Advertiser A regarding a payment issue with the company's advertisements on Torrentz.

    e.    On or about March 18, 2015, defendant Robert S. Waksmundzki caused Advertiser B to deposit approximately $117,982 into Citibank checking account number xxxxx8052 as payment for the company's advertisements on Torrentz.

All in violation of Title 18, United States Code, Sections 371.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

On or about April 18, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

>ROBERT S. WAKSMUNDZKI,
>also known as "Flippy,"

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments), for the calendar year 2010, which return was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that said return reported on the Schedule C (Profit or Loss from Business) that the net profit from Waksmundzki LLC was $257,957, when defendant knew that Waksmundzki LLC had a net profit that substantially exceeded that amount;

In violation of Title 26, United States Code, Section, 7206(1).

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 371, as set forth in this Information, defendant shall forfeit to the United States of America any property that constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

_____
UNITED STATES ATTORNEY