UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 19 CR 573 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ROBERT S. WAKSMUNDZKI | ) | |

**GOVERNMENT'S SENTENCING MEMORANUDM**

For the reasons set forth below, the government submits that a sentence of 66 percent of the low-end of the Guidelines range, pursuant to a downward departure under U.S.S.G. § 5K1.1, is sufficient but not greater than necessary to satisfy the principles set forth in the Sentencing Guidelines and 18 U.S.C. § 3553(a).

**I.  BACKGROUND**

As set forth in the plea agreement (Dkt. 6) and Presentence Investigation Report (PSR ¶¶ 14–19), defendant and Individual A owned and operated a series of websites under the name "Torrentz." Defendant and Individual A designed, developed, and operated Torrentz to facilitate—and generate millions of dollars in advertising revenue from—unlawful access to copyright-protected media, including movies (some of which were still playing in theaters), television shows, music, video games, computer software, and electronic books—all without permission of the copyright holders.

Initially, movies, television shows, music, and other copyright-protected media were made available on Torrentz, which assisted visitors to the site to acquire the

1

media through BitTorrent technology. Later, defendant reconfigured Torrentz so that it operated as a search engine for other websites that made copyright-protected media—including works being prepared for commercial distribution—available to visitors. Visitors to Torrentz could search for and locate copyright-protected media, after which they would be redirected to other sites to acquire the media using BitTorrent technology without the lawful copyright owners' permission. Although there were non-infringing torrents on his website (for works where copyright protection had expired), defendant was aware that the vast majority of visitors used Torrentz to seek out and acquire copyright-protected media. (Indeed, defendant himself used Torrentz to find and acquire copyright-protected media.)

Torrentz became wildly popular, and at one point in 2014 was the 164th most-visited website on the entire internet—ranking it ahead of the websites of Walmart, the NFL, and Expedia. Based on this popularity, defendant monetized Torrentz by soliciting advertisements for the site. Defendant knew that increased visitor traffic would lead to higher revenue, and that visitor traffic was dependent on the ease with which visitors to Torrentz could find and acquire copyrighted materials. Between 2009 and 2015, Torrentz earned over $9,500,000 in advertising revenue.

While earning this revenue from his operation of Torrentz, defendant used a tax preparer for his federal income tax returns. In 2009, the defendant suggested to the preparer that the income figure was low based on his tax return, but after discussing it with the preparer, defendant did not challenge the return because the preparer told him he could file the return with the lower income figure. After both

defendant's 2009 and 2010 returns were prepared, defendant reviewed them, signed them, and declared under penalty of perjury that the information contained therein was true and accurate to the best of his knowledge, despite knowing that the income listed was incorrect and too low. Defendant's actions resulted in a total tax loss to the IRS of $194,166.

## II. COOPERATION

As detailed in the Supplement to the Government's Version of the Offense and the Presentence Investigation Report (*see* PSR ¶ 114), pursuant to Guideline § 5K1.1 the government is recommending a downward departure in defendant's sentence to 66 percent of the low-end of the Guidelines range, based on his provision of substantial assistance. Because some of the matters in which defendant provided assistance are ongoing, the Government's Version details the defendant's cooperation. In summary, defendant provided information relating to two foreign investigations, three Northern District of Illinois investigations, and one other matter being investigated by HSI. The government will more fully address the value of defendant's assistance at sentencing.

## III. PRESENTENCE INVESTIGATION REPORT & GUIDELINES CALCULATIONS

The government has no objections to the Presentence Investigation Report, and agrees with the Guidelines and criminal history calculations set forth, which match those in the plea agreement and the Government's Version of the Offense. *See* PSR ¶¶ 28–42.

IV. ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Based on the factors set forth in Title 18, United States Code, Section 3553(a), a sentence of 66 percent of the low end of the Guidelines range is sufficient, but not greater than necessary, to provide just punishment, promote respect for the law, and afford adequate deterrence, while also accounting for defendant's substantial assistance pursuant to U.S.S.G. § 5K1.1.

> 1. **Nature, Circumstances, and Seriousness of the Offense, the Need to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence**

Internet piracy of copyrighted material is a massive illegal industry. According to a June 2019 report by the U.S. Chamber of Commerce's Global Innovation Policy Center, movie and television piracy costs the United States economy at least $29.2 billion each year.[1] Piracy is not a victimless crime; the indirect effects of pirated content include not only billions in lost revenues, but also the loss of jobs in the U.S. in the content production and related industries.

While the problem has only grown, even in 2014 defendant's Torrentz website was the 164th most trafficked website on the *entire internet*. That immense volume of visitors—nearly all of whom were seeking copyrighted material—translated into over $9.5 million in advertising revenue for the defendant. Defendant's sentence must therefore not only reflect the seriousness of his offense, but also provide general deterrence to others who might be tempted to create new websites like Torrentz.

---

[1] *See* www.theglobalipcenter.com/wp-content/uploads/2019/06/Digital-Video-Piracy.pdf.

### 2. History and Characteristics of the Defendant

Mr. Waksmundzki's history and characteristics present significant factors in mitigation. He has no criminal history, PSR ¶¶ 52–54, and worked hard to become a self-taught software developer proficient in a variety of coding languages and programs. PSR ¶¶ 73–77. He also immediately cooperated with the government after federal agents approached him, and assisted the government in seizing over $5 million in assets, which he has consented to forfeit as part of his plea agreement. Furthermore, and as discussed above, defendant has provided substantial assistance in several other investigations. Lastly, while defendant certainly chose to operate Torrentz as an illegal piracy site, he did not meaningfully choose to stay in the United States when he was 14 (*see* PSR ¶¶ 62–63) or to not apply for legal status as a minor— unlike the rest of his family, or unlike someone who chooses as an adult to unlawfully enter the United States and then commit a crime. However, those actions by his family when Mr. Waksmundzki was a minor will have profound consequences on the defendant because of this conviction, and should be considered by this Court in fashioning an appropriate sentence.

### 3. The Need to Avoid Unwarranted Sentencing Disparities

Unlike many cases before this Court, there are few—if any—comparisons of sentences for individuals similarly situated to the defendant. This comparison—and the need to avoid unwarranted disparities with other offenders who are sentenced in this district and across the United States—is further complicated by defendant's substantial assistance in several other investigations, which also makes him unlike

5

defendants in other large copyright infringement cases. Defendant's cooperation, however, is something that the government and the Court can independently assess, and based on his substantial assistance in a variety of matters, the government is recommending a departure from the Guidelines pursuant to §5K1.1.

## V.     SUPERVISED RELEASE

The government agrees with Probation that no term of supervised release should be imposed in this case, pursuant to Guideline § 5D1.1, because it is not required by statute and the defendant is likely to be deported following his term of imprisonment. PSR ¶ 99. However, if the Court wishes to impose a term of supervised release, the government has no objections to the proposed conditions set out in the Presentence Investigation Report.

## VI.    FINE, RESTITUTION & FORFEITURE

As contemplated in the plea agreement and recommended in the Presentence Investigation Report, the government agrees that restitution for Count One should not be ordered both because the large number of victims makes it impractical, and because of the difficulty of determining individual victim's losses. PSR ¶ 108. In this case, apportioning restitution among copyright holders would prolong the sentencing process such that the need to provide restitution to any victim is outweighed by the burden to the sentencing process. For Count Two, defendant has agreed to pay restitution of $194,166 to the IRS. PSR ¶ 109.

Defendant has, however, agreed to the entry of a forfeiture judgment based on the advertising revenue he received from running Torrentz. Currently over $5.4

million is held by the government, and defendant has agreed to a total judgment of approximately $9.8 million. PSR ¶ 108. Because of this forfeiture judgment and the use of defendant's assets and properties to satisfy it, the defendant will likely not have the ability to pay an additional fine.

### VII. CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court impose a sentence of 66 percent of the low-end of the Guidelines range, pursuant to a downward departure under U.S.S.G. § 5K1.1.

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney


    By: *s/ Sean K. Driscoll*
    SEAN K. DRISCOLL
    Assistant United States Attorney
    219 S. Dearborn Street, 5th Floor
    Chicago, Illinois 60604
    (312) 353-5300