

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| ROBERT S. WAKSMUNDZKI | ) | Case Number: 1:19-CR-00573(1) |
| | ) | USM Number: 54201-424 |
| | ) | |
| | ) | Steven Richard Hunter |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Counts One and Two of the Information.
☐ pleaded nolo contendere to count(s)      which was accepted by the court.
☐ was found guilty on count(s)      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:371.F Conspiracy To Defraud The United States | 06/04/2015 | 1 |
| 26:7206A.F Fraud and False Statements | 06/04/2015 | 2 |

The defendant is sentenced as provided in pages 1 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)      dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

December 20, 2019
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Edmond E. Chang, United States District Judge
Name and Title of Judge

December 20, 2019
Date

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Twelve (12) months and one (1) day as to Count One; Twelve (12) months and one (1) day as to Count Two. Terms to run concurrently for a total term of imprisonment of Twelve (12) months and one (1) day.

☒ The Court recommends to the Bureau of Prisons that Defendant be committed to a Bureau of Prisons facility as close to Chicago, Illinois, as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at       on

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☒ before 2:00 pm on January 21, 2020.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $.00 | $194,166.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

Restitution of $194,166.00 to:

DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE
ATTN: MS 6261 "RESTITUTION"
333 WEST PERSHING ROAD
KANSAS CITY, MO 64108

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the _____.

   ☐ the interest requirement for the _____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $194,166 due immediately from non-exempt assets, if any.

☐ balance due not later than , or

☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal       (e.g. weekly, monthly, quarterly) installments of $     over a period of     (e.g., months or years), to commence     (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal       (e.g. weekly, monthly, quarterly) installments of $     over a period of     (e.g., months or years), to commence     (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within     (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)** | **Total Amount** | **Joint and Several Amount** | **Corresponding Payee, if Appropriate**

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: As outlined in the preliminary order of forfeiture which shall be made a part of this judgment, funds in the amount of $9,829,078.00 judgment; funds in the amount of $853,059.58; approximately $480,763.53 in Chase checking account no. XXXXX1739, held in the name Waksmundzki, L.L.C., and one 2014 Porsche Carrera S Silver, Vin:WP0AB2A96ES120310.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court cost

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 573 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ROBERT S. WAKSMUNDZKI | ) | |
| also known as "Flippy" | ) | |

## PRELIMINARY ORDER OF FORFEITURE

The United States of America, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, having moved for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rules of Criminal Procedure 32.2, and upon consideration of the government's motion,

It is hereby ORDERED, ADJUDGED and DECREED:

1. That, a personal money judgment in the amount of $9,829,078 is entered against defendant ROBERT S. WAKSMUNDZKI;

2. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title and interest of defendant ROBERT S. WAKSMUNDZKI in the following property is hereby forfeit to the United States of America for disposition according to law;

    (a)    funds in the amount of a $9,829,078 judgment;

    (b)    funds in the amount of $853,059.58;

    (c)    approximately $480,763.53 in Chase checking account no. XXXXX1739, held in the name of Waksmundzki, L.L.C.; and

    (d)    one 2014 Porsche Carrera S Silver, VIN: WP0AB2A96ES120310.

3. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the Department of Homeland Security shall be authorized to seize and take custody of the foregoing property for disposition according to law;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware at this time of anyone who qualifies for such notice;

5. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within 30 days of the final publication of notice or this receipt of notice under paragraph 4, whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

6. That, following the Court's disposition of all third parties interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America;

7. Pursuant to the terms of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant ROBERT S. WAKSMUNDZKI and shall be made part of any

judgment and commitment order entered in this case against him;

8. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

EDMOND E. CHANG
United States District Judge

DATED: December 20, 2019