UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT S. WAKSMUNDZKI | No. 19 CR 573<br><br>Judge Edmund E. Chang |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE**

The United States of America, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant ROBERT S. WAKSMUNDZKI's motion for compassionate release. Dkt. 37. For the reasons stated below, the government does not oppose Waksmundzki's motion, subject to the caveat that this Court order as conditions of his release (1) that he serve a period of not less than seven months of home confinement; and (2) that he surrender for removal to Poland if ordered removed by immigration authorities.

**I.    BACKGROUND**

**A.    Offense conduct**

On July 23, 2019, Waksmundzki pleaded guilty to conspiracy to commit criminal copyright infringement, in violation of 18 U.S.C. § 371) (Count One); and filing a false tax return, in violation of 26 U.S.C. § 7206(1) (Count Two). Dkt. 6.

As detailed in the plea agreement, between July 2003 and June 2015, Waksmundzki operated a series of websites known as "Torrentz," which generated millions of dollars from the unlawful reproduction and distribution of copyright-protected media, including movies, television shows, music, video games, computer

software, and electronic books, without permission of the copyright holder. Defendant monetized Torrentz by soliciting advertisements for the site, which produced over $9.5 million in revenue. During tax years 2009 and 2010, defendant also underreported part of the income he received from advertising revenue for the Torrentz websites.

### B. Sentencing

Waksmundzki was sentenced on November 19, 2019. Dkt. 23. Consistent with paragraph 17 of the plea agreement, the government moved the Court, pursuant to Guideline § 5K1.1 and 18 U.S.C. § 3553(e), to depart downward from the applicable guidelines range. The § 5K1.1 motion was based on Waksmundzki's substantial assistance in multiple investigations, as well as his willingness to testify in several proceedings where he ultimately was not required.

After considering the parties' arguments and the 3553(a) factors, the Court sentenced Waksmundzki to 12 months and one day of imprisonment on both counts, to run concurrently. Dkt. 104.

On March 27, 2020, Waksmundzki started his term of incarceration and is currently housed at CI North Lake in Baldwin, Michigan. Assuming good time credit, Waksmundzki's projected release date is January 31, 2021.

It is the government's understanding that while Waksmundzki's convictions likely will result in deportation to his native Poland, no final determination on

deportation has been made by immigration authorities, and no order of removal has issued. *See* PSR ¶ 63.

## II. WAKSMUNDZKI'S MOTION FOR COMPASSIONATE RELEASE

Approximately three months into service of his sentence, Waksmundzki has filed a motion under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release from BOP custody based on the COVID-19 pandemic and his underlying health conditions.

### A. Legal standard

As amended by Section 603(b) of the First Step Act, Title 18, United States Code, Section 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Direct of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and

3

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

Regarding the statutory exhaustion requirement, the government does not dispute that, as of Friday June 19, 2020—30 days after Waksmundzki's counsel emailed the Warden of CI North Lake—he will have fully exhausted his administrative remedies.

Waksmundzki is 35 years old, so he is not eligible to seek compassionate release under § 3852(c)(1)(A)(ii). Instead, Waksmundzki is eligible for relief, if at all, on the grounds that, "after considering the factors set forth in section 3553(a)…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

### B. Waksmundzki has presented extraordinary and compelling reasons warranting a sentence reduction.

By law, the Sentencing Commission is directed to issue policy statements defining the "extraordinary and compelling reasons" that might warrant a sentence reduction under § 3852(c)(1)(A)(i).

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Consistent with that statutory mandate, Guideline § 1B1.13 provides that under § 3852(c)(1)(A), a court may reduce a term of imprisonment, after considering the § 3553(a) factors, if three criteria are satisfied: (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community"; and (3) "the reduction is consistent with this policy statement."

Application Note 1 to Guideline § 1B1.13 identifies factors that may constitute "extraordinary and compelling reasons" for a sentence reduction, including a defendant's medical condition, age, family circumstances, and an open-ended category for "other reasons."

> **1. Waksmundzki has established that he has a serious medical condition that substantially diminishes his ability to provide self-care in light of the COVID-19 pandemic.**

In his motion for compassionate release, Waksmundzki states that he has been previously diagnosed with heart palpitations that have resulted in fainting episodes. Dkt. 37 at 5–6. Waksmundzki also provided, under seal, medical records documenting his previous health condition. Furthermore, Waksmundzki states that upon his arrival at CI North Lake, he suffered another heart related episode that caused him to faint. Staff determined that he needed to see a cardiologist and obtain and EKG, but could not get him evaluated because, according to CI North Lake's official response, "Right now we are in the middle of a national pandemic. As soon as the local medical facilities re-open we will make sure everyone gets what they need."

Thus, despite the best efforts of BOP personnel, defendant is unable to obtain testing to determine the full extent of his cardiac ailments.

In light of the COVID-19 pandemic, and the fact that Waksmundzki suffers from a medical condition identified by the CDC as a COVID-19 risk factor[1]—as well as the fact that CI North Lake has experienced a COVID-19 outbreak, despite the best BOP's best efforts—the government agrees that Waksmundzki has established "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I), in that the Waksmundzki's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished within the environment of a correctional facility, by the chronic condition itself. Thus, Waksmundzki has demonstrated an extraordinary and compelling reason for release.

That showing, however, does not automatically entitle Waksmundzki to relief under 18 U.S.C. § 3582(c)(1). Pursuant to the statute and the applicable policy statement, the Court must also consider whether Waksmundzki poses a danger to the community, as well as all other pertinent § 3553(a) factors, including defendant's history and characteristics, the risk of recidivism he poses, the time remaining on his sentence, the quality of his release plan, and the impact of BOP's efforts to maintain

---

[1] *See* www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 15, 2020) (listing "serious heart conditions" as an elevated risk factor).

the safety of inmates. On balance, these factors demonstrate that early release is warranted.

### 2. On balance, the § 3553(a) factors counsel in favor of release with a condition of home confinement for at least seven months.

As explained below, on balance, the relevant § 3553(a) factors counsel in favor of granting Waksmundzki release—subject to supervised release conditions of home confinement for a term of at least seven months (corresponding roughly to his release date from BOP), and his surrender to immigration authorities following the term of home confinement, if he is ordered removed to Poland.

The factors set forth in § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Waksmundzki's offenses, while serious, were non-violent in nature. The Court's decision to impose a below-guidelines sentence totaling 12 months and one day of imprisonment reflected a determination that, although Waksmundzki committed serious offenses, his risk of recidivism—and the potential danger he posed to the public—was greatly reduced.

7

On balance, considering the totality of the circumstances and all the pertinent § 3553(a) factors, the government concedes that Waksmundzki's diminished ability to provide self-care against potential serious injury or death from COVID-19 while imprisoned militates in favor of release. However, given that Waksmundzki has served less than half of his sentence, the government maintains that release would be inappropriate absent an order requiring, as conditions of release, that that defendant serve at least seven months in home confinement, and that he surrender for removal to Poland if he is ordered removed by immigration authorities.

### III. CONCLUSION

For the reasons stated above, the government respectfully submits that Waksmundzki should be granted release subject to conditions of home confinement for a term of at least seven months—which would roughly track with his projected release date in January 2021—and that he surrender for removal to Poland if he is ordered removed by immigration authorities.

Dated: June 15, 2020      Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:   /s/ *Sean K. Driscoll*
SEAN K. DRISCOLL
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 469-6151

## CERTIFICATE OF SERVICE

I, Sean K. Driscoll, hereby certify that on June 15, 2020, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the Case Management/Electronic Case Files (CM/ECF) system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s/ Sean K. Driscoll*
SEAN K. DRISCOLL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6151