5H

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case
Sheet 1

(Note: Identify Changes with Asterisks (*))

Verified via Pacer
DERRICK TURNER
Digitally signed by DERRICK TURNER
Date: 2020.06.26 12:15:56 -05'00'

# UNITED STATES DISTRICT COURT
### Northern District of Illinois

UNITED STATES OF AMERICA

**v.**

ROBERT S. WAKSMUNDZKI

**Date of Original Judgment: 12/20/2019**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Imposed Term of Imprisonment Pursuant to Section 404 of the First Step Act

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number:  1:19-CR-00573(1)

USM Number:  54201-424

Steven Richard Hunter
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☒ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☒ pleaded guilty to count(s) Counts One and Two of the Information.

☐ pleaded nolo contendere to count(s)         which was accepted by the court.

☐ was found guilty on count(s)         after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:371.F Conspiracy To Defraud The United States | 06/04/2015 | 1 |
| 26:7206A.F Fraud and False Statements | 06/04/2015 | 2 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: S/ PAULA HARRISON
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
June 26, 2020

June 25, 2020
Date of Imposition of Judgment

*Edmond E. Chang*

Signature of Judge

Edmond E. Chang , United States District Judge
Name and Title of Judge

June 25, 2020
Date

IL.ND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case — (Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment — Judgment – Page 2 of 4

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
* Time served as to Count 1; Time served as to Count 2

*☐      The court makes the following recommendations to the Bureau of Prisons:

☐      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

      ☐   at      on

    ☐   as notified by the United States Marshal.

*☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  *☐ before 2:00 pm on

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

**RETURN**

Northlake Correctional Facility
1805 West 32nd Street
Baldwin, MI 49304

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on **3/27/2020** _____ at _**Baldwin, MI**_ , with a certified copy of this
judgment.

*D. Emerson, F.A.*
UNITED STATES MARSHAL

By *D. Kleczynski*
DEPUTY UNITED STATES MARSHAL

# FILED

JUL 0 9 2020 *EN*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case                         (Note: Identify Changes with Asterisks (*))
Sheet 6 – Schedule of Payments                                                    Judgment – Page 3 of 4

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
*One (1) year.

The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- \* ☒ (1) you shall not commit another Federal, State, or local crime.
- \* ☒ (2) you shall not unlawfully possess a controlled substance.
- ☐ (3) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in **§ 3561(b).**]
- ☐ (4) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act **(42 U.S.C. § 16913)**.
- \* ☒ (5) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☐ (6) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D);** and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a.**
The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**
- ☐ (1) you shall provide financial support to any dependents if you are financially able to do so.
- \* ☒ (2) you shall make restitution to a victim of the offense under **§ 3556** (but not subject to the limitation of **§ 3663(a)** or **§ 3663A(c)(1)(A)**).
- ☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of **§ 3555**, as follows:
- ☐ (4) you shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.
- ☐ (5) you shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship
    to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s))
- ☐ (6) you shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity and shall not:
    - ☐ visit the following type of places:
    - ☐ knowingly meet or communicate with the following persons:
- ☐ (7) you shall refrain from ☐ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08; or ☐ ), and from any use of a narcotic drug or other controlled substance, as defined in **§ 102** of the Controlled Substances Act (**21 U.S.C. § 802**), without a prescription by a licensed medical practitioner.
- \* ☒ (8) you shall not possess a firearm, destructive device, or other dangerous weapon.
- ☐ (9) ☐ you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.
    - ☐ you shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.
    - ☐ you shall participate, at the direction of a probation officer, in medical care; (if checked yes, please specify:

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case    (Note: Identify Changes with Asterisks (*))
Sheet 6 – Schedule of Payments    Judgment – Page 4 of 4

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

.)

- ☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling    [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in **§3563(b)(10)** shall be imposed only for a violation of a condition of supervised release in accordance with **§ 3583(e)(2)** and only when facilities are available) for the following period

- ☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of    months.

- ☐ (12) you shall work in community service for    hours as directed by a probation officer.

- ☐ (13) you shall reside in the following place or area:    , or refrain from residing in a specified place or area:    .

- \* ☒ (14) you shall not knowingly leave from the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of

   Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will,

   Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

- \* ☒ (15) you shall report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

- \* ☒ (16) ☐    you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified:    ,
   ☒ at home    ☐ at work    ☐ at school    ☐ at a community service location ☒ other reasonable location specified by a probation officer. If Defendant objects to the proposed location, he may file an objection with the Court within seven days of being notified of the location.
       ☐ you shall permit confiscation of any contraband observed in plain view of the probation officer.

- \* ☒ (17) you shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. You shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

- \* ☒ (18) you shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

- ☐ (19) (home confinement)
   - ☐ (a)(i) (home incarceration) for a period of __ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.
   - ☐ (a)(ii) (home detention) for a period of __ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.
   - ☐ (a)(iii) (curfew) for a period of __ months, you are restricted to your residence every day.
   - ☐ from the times directed by the probation officer; or ☐ from __ to __.
   - ☐ (b) your compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide    by all technology requirements.
   - ☐ (c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

- ☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the

   District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

- \* ☒ (21) (deportation): If ordered removed, you shall be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

- ☐ (22) you shall satisfy such other special conditions as ordered below.

NF

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| ROBERT S. WAKSMUNDZKI | ) | Case Number:     1:19-CR-00573(1) |
| | ) | USM Number:     54201-424 |
| | ) | |
| | ) | Steven Richard Hunter |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to Counts One and Two of the Information.

☐ pleaded nolo contendere to count(s)     which was accepted by the court.

☐ was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:371.F Conspiracy To Defraud The United States | 06/04/2015 | 1 |
| 26:7206A.F Fraud and False Statements | 06/04/2015 | 2 |

The defendant is sentenced as provided in pages 1 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)     dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

December 20, 2019
Date of Imposition of Judgment

Signature of Judge
Edmond E. Chang, United States District Judge

Name and Title of Judge

December 20, 2019
Date

ILND 245B (Rev. 09/23/2019 Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                 Judgment – Page 2 of 4

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Twelve (12) months and one (1) day as to Count One; Twelve (12) months and one (1) day as to Count Two. Terms to run concurrently for a
total term of imprisonment of Twelve (12) months and one (1) day.

☒      The Court recommends to the Bureau of Prisons that Defendant be committed to a Bureau of Prisons facility as close to Chicago,

Illinois, as possible.

☐      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

☐      at        on

☐      as notified by the United States Marshal.

☒      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒      before 2:00 pm on January 21, 2020.

☐      as notified by the United States Marshal.

☐      as notified by the Probation or Pretrial Services Office.

# RETURN

Northlake Correctional Facility
I have executed this judgment as follows:  1805 West 32nd Street
Baldwin, MI 49304

Defendant delivered on _3/27/20_ to _Baldwin, MI_ at_____, with a certified copy of this
judgment.

_D. Emerson, FA_
UNITED STATES MARSHAL

By _K. Kloczynski_
DEPUTY UNITED STATES MARSHAL

ILND 245B (Rev. 09/23/2019 Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 3 of 4

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $.00 | $194,166.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $194,166.00 to:

DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE
ATTN: MS 6261 "RESTITUTION"
333 WEST PERSHING ROAD
KANSAS CITY, MO 64108

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the _____ .

    ☐ the interest requirement for the _____ is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
* Findings for the total amount of losses are required under **Chapters 109A, 110, 110A, and 113A of Title 18** for offenses committed on or after September 13, 1994, but before April 23, 1996.

ILND 245B (Rev. 09/23/2019) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment – Page 4 of 4

DEFENDANT: ROBERT S. WAKSMUNDZKI
CASE NUMBER: 1:19-CR-00573(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $194,166 due immediately from non-exempt assets, if any.

     ☐ balance due not later than    , or

     ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal   *(e.g. weekly, monthly, quarterly)* installments of $   over a period of   *(e.g., months or years)*, to commence   *(e.g. 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal   *(e.g. weekly, monthly, quarterly)* installments of $   over a period of   *(e.g., months or years)*, to commence   *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within   *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: As outlined in the preliminary order of forfeiture which shall be made a part of this judgment, funds in the amount of $9,829,078.00 judgment; funds in the amount of $853,059.58; approximately $480,763.53 in Chase checking account no. XXXXX1739, held in the name Waksmundzki, L.L.C., and one 2014 Porsche Carrera S Silver, Vin:WP0AB2A96ES120310.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court cost

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 573 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ROBERT S. WAKSMUNDZKI | ) | |
| also known as "Flippy" | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, having moved for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rules of Criminal Procedure 32.2, and upon consideration of the government's motion,

It is hereby ORDERED, ADJUDGED and DECREED:

1.     That, a personal money judgment in the amount of $9,829,078 is entered against defendant ROBERT S. WAKSMUNDZKI;

2.     That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title and interest of defendant ROBERT S. WAKSMUNDZKI in the following property is hereby forfeit to the United States of America for disposition according to law;

(a)     funds in the amount of a $9,829,078 judgment;

(b)     funds in the amount of $853,059.58;

(c)     approximately $480,763.53 in Chase checking account no. XXXXX1739, held in the name of Waksmundzki, L.L.C.; and

(d)     one 2014 Porsche Carrera S Silver, VIN: WP0AB2A96ES120310.

3.      That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), the Department of Homeland Security shall be authorized to seize and take custody of the foregoing property for disposition according to law;

4.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware at this time of anyone who qualifies for such notice;

5.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), if following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserts an interest in the property which has been ordered forfeit to the United States, within 30 days of the final publication of notice or this receipt of notice under paragraph 4, whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

6.      That, following the Court's disposition of all third parties interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America;

7.      Pursuant to the terms of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant ROBERT S. WAKSMUNDZKI and shall be made part of any

2

judgment and commitment order entered in this case against him;

       8.     That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

                                   EDMOND E. CHANG
                                   United States District Judge

DATED: December 20, 2019

3